IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS,
HOUSTON DIVISION

| | |
|---|---|
| FARAHNAZ NEMATI, § | |
| § | |
| Plaintiff § | |
| § | |
| vs. § | CIVIL ACTION NO. _____ |
| § | |
| SAKS & COMPANY, LLC, § | JURY DEMANDED |
| § | |
| Defendant § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

**TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:**

**NOW COMES,** Farahnaz Nemati ("Plaintiff"), files this Original Complaint against Saks & Company, LLC d/b/a SFA, (hereinafter "SFA" or "Defendant") and for cause of action would show the following:

### I.
### PARTIES

1. Plaintiff, Farahnaz Nemati, is a citizen of the United States and the State of Texas and resides in Harris County, Texas.

2. Defendant Saks & Company, LLC is a Foreign Limited Liability Company and may be served with process through Registered Agent Corporation Service Company dba CSC- Lawyers Incorporating Service Company 211 E. 7th Street, Suite 260 Austin, Texas 78701-3128. Plaintiff has requested a waiver of summons from the Defendant at this time.

## II.
### JURISDICTION AND VENUE

3. This Court has jurisdiction pursuant to 28 U.S.C. § 1331, as Plaintiff's causes of action arise under federal statutes: The Americans with Disabilities Act ("ADA") (42 U.S.C. § 12101 et seq.) and the Family and Medical Leave Act ("FMLA") (29 U.S.C. § §2615(a)(1)), (a)(2) and (b)(1)-(3).

4. Venue is proper in the Southern District of Texas, Houston Division pursuant to 28 U.S.C. § 1391(a) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claim occurred.

## III.
### EXHAUSTION OF ADMINISTRATIVE REMEDIES

5. October 7, 2022, Plaintiff filed a Charge of Discrimination with the United States Equal Employment Opportunity Commission ("EEOC"); Charge No. 460-2023-00345. Subsequently, on August 3, 2023, the EEOC issued Plaintiff a Notice of Right to Sue. *See* Exhibit A. Plaintiff files this lawsuit within ninety (90) days of receiving her Notice of Right to Sue and her lawsuit is therefore timely filed.

## IV.
### BACKGROUND AND FACTS

6. Farahnaz Nemati was employed by Saks & Company as a Style Advisor at the Houston Galleria for more than twenty-one (21) years until she was abruptly terminated on May 22, 2022. Ms. Nemati performed well throughout her distinguished tenure with SFA earning the respect of her supervisors and colleagues. She was awarded membership in SFA's prestigious Million-Dollar Club in 2019.

7. Despite Ms. Nemati's long history with SFA, her career was irreparably damaged when

she began to experience significant health issues including severe fatigue, anxiety and difficulty sleeping. She scheduled an appointment with her doctor who ran several tests. She was subsequently diagnosed with Fibromyalgia. Fibromyalgia is a disorder characterized by widespread musculoskeletal pain accompanied by fatigue and difficulty sleeping.

8. As a direct result of her medical condition, including difficulty working early shifts caused by anxiety, sleeplessness and extreme fatigue, Ms. Nemati was forced to reduce her schedule and requested the reasonable accommodation of a schedule adjustment to a mid-day shift (1:00pm 07:00pm).

9. Ms. Nemati was very concerned about her future at SFA after sharing her diagnosis and limitations with her supervisors and SFA's leadership. She continued to request a midday shift that would allow her to perform the essential functions of her position as she had for more than two decades.

10. Even though Ms. Nemati's condition and shift requests were well known to Ms. Nemati's supervisors at SFA, her requested accommodation was summarily denied. Rather than consider her requested accommodation, SFA began to discipline Ms. Nemati for 'arriving late' to work as a direct result of extreme fatigue, anxiety and sleeplessness caused by Fibromyalgia.

11. On April 21, 2022, Ms. Nemati reminded her supervisors of the symptoms associated with her condition and the need for a later shift. On April 23, 2022, she was placed on a final written warning after being unable to work early morning shifts. On April 28, 2022, Ms. Nemati tendered an FMLA Certification of Serious Health Condition signed by her physician. On May 4, 2022, she was approved for intermittent FMLA leave through November 2, 2022.

12. Despite all of Ms. Nemati's efforts to receive an accommodation based on her medical

condition, SFA failed consider her request. Instead, the Company continued to issue disciplinary notices and paper her employee file to justify the termination of her employment.

13. On May 22, 2022, Ms. Nemati was terminated from SFA after twenty-one (21) years with the Company. SFA's failure to properly consider Ms. Nemati's medical restrictions and requested accommodation demonstrates that she was fired because of her condition and the symptoms associated with Fibromyalgia.

## V.
## COUNT 1: DISABILITY DISCRIMINATION

14. Title I of the Americans with Disabilities Act of 1990 prohibits discrimination against a qualified person with a disability because of their disability. Additionally, Title I of the ADA expressly requires employers to provide a reasonable accommodation to the known limitations of an otherwise qualified individual with a disability.

15. Pursuant to 29 U.S.C. § 12112(a) Plaintiff Farahnaz Nemati pleads a cause of action against Defendant Saks & Company, LLC for disability discrimination.

16. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

17. The Defendant engaged in discrimination against Plaintiff Farahnaz Nemati, a qualified individual with a disability. Ms. Nemati was clearly qualified for her job at SFA. She had worked for the Company for twenty-one (21) years and was a member of the exclusive Million-Dollar Club. The Plaintiff was denied the reasonable accommodation of a mid-day shift consistent with her medical restrictions which would have allowed her to continue working in her position while she dealt with the effects of Fibromyalgia.

18. Plaintiff asserts that the Defendant discriminated against her by failing to engage in the interactive process after she requested the reasonable accommodation of leave extension, failing to place her on a mid-day shift and terminating her employment in violation of the Americans with Disabilities Act.

## COUNT 2: FMLA INTERFERENCE

19. The Family and Medical Leave Act makes it unlawful for an employer to 'interfere with, restrain, or deny the existence or the attempt to exercise any right provided by the FMLA.' *See* 29 U.S.C. § 2615(a)(1).

20. Pursuant to 29 U.S.C. § 2615(a)(1) Plaintiff Farahnaz Nemati pleads a cause of action against Defendant Saks & Company, LLC for FMLA Interference.

21. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

22. Ms. Nemati was an 'eligible employee' under the FMLA. She was approved for intermittent leave under the FMLA on May 4, 2022. SFA was a "covered employer" under the FMLA. Ms. Nemati was entitled to leave under the FMLA. SFA denied Ms. Nemati the FMLA benefits to which she was entitled. The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

## COUNT 3: FMLA RETALIATION

23. The Family and Medical Leave Act prohibits an employer from taking adverse employment action against any employee because she engaged in conduct protected by the FMLA. 29 U.S.C. § 2615(a)(2) and (b)(1)-(3).

24. Pursuant to 29 U.S.C. § 2615(a)(2) and (b)(1)-(3) Plaintiff Farahnaz Nemati pleads a cause of action against Defendant Saks & Company, LLC for FMLA Retaliation.

25. The allegations contained in all paragraphs of the Complaint are hereby incorporated by reference with the same force and effect as if set forth verbatim.

26. Ms. Nemati engaged in protected activity when she applied for and was granted intermittent leave under the FMLA. SFA took adverse employment action against Ms. Nemati by subjecting her to disciplinary action and terminating her employment. The actions of Ms. Nemati's supervisor(s) at SFA were motivated by an impermissible retaliatory or discriminatory animus. The effect of these practices has been to deprive the Plaintiff of equal employment opportunities and otherwise adversely affected her status as an employee.

## VI.
### DAMAGES

27. Plaintiff sustained damages because of the actions and/or omissions of Defendant described herein. Accordingly, Plaintiff is entitled to an award of actual, compensatory damages including lost wages and benefits in the past and future, in an amount within the jurisdictional limits of the Court.

28. Plaintiff also asserts that Saks & Company acted with malice or reckless indifference to her federally protected rights entitling her to an award of **punitive damages**.

## VII.
### JURY DEMAND

29. Plaintiff demands a jury on all issues to be tried in this matter and herein submits the jury fee.

## VIII.
### PRAYER

30. For the reasons set forth above, Plaintiff Farahnaz Nemati respectfully prays that Defendant Saks & Company LLC be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against the Defendant for damages in an amount within the jurisdictional limits of the Court; together with interest as allowed by law; attorney's fees, costs of court and such other and further relief to which the Plaintiff may be entitled at law or in equity.

Respectfully Submitted,

**DUPREE LAW FIRM, PLLC**

Ronald Dupree
Texas Bar No. 24055433
Southern Dist. No. 1046738
2800 Post Oak Blvd, Suite 4100
Houston Texas 77056
Main: 832-800-4529
Fax: 281-503-7905
Email: Ronald@dupreelawfirm.com
**ATTORNEY-IN-CHARGE FOR PLAINTIFF**